## No. 7803.

### RICHARD DEVONSHIRE VS. J. R. A. GAUTHREAUX, CIVIL SHERIFF, AND DAVID STEWART.

Plaintiff in injunction, claiming as his own, property under seizure, not having in his Petition alleged the source of his title, Defendant has the right to show, without having pleaded fraud and simulation, that the title is fraudulent and simulated.

The purchaser who leaves the property purchased in the hands of the vendor, must, when the same is seized by the creditors of the latter, show by clear proof that the sale is real, in order to destroy the presumption of simulation.

APPEAL from the Fourth District Court, parish of Orleans. *Houston,* J.

Bentinck Egan for Plaintiff and Appellee.

T. M. Gill for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ J. Under a writ of *fieri facias* issued in the suit of David Stewart vs. John Davie, the sheriff seized six mules which he found in the possession of said Davie in this city. Whereupon, plaintiff in this case, alleging that he was the owner of said mules, sued out an injunction restraining the sheriff and the seizing creditor from proceeding further in the seizure and sale of the property thus levied upon.

Stewart, the defendant, answered, admitting the seizure as alleged in execution of his judgment against John Davie, but denied all other allegations set forth in plaintiff's petition; and from a judgment rendered against him he has taken the present appeal.

On the trial plaintiff introduced evidence for the purpose of showing that the property under seizure was part of a purchase made by him from John Davie, on the 5th of June, 1879, consisting of ten mules, four wagons or cotton floats and harness, for the price and sum of thirteen hundred and fifty dollars cash.

And upon defendant attempting to prove that such alleged sale was a fraudulent simulation, as a scheme to remove John Davie's property from the pursuit of his creditors, plaintiff objected to the introduction of any evidence for such purpose, on the ground that defendant had not alleged fraud and simulation, and that such evidence was therefore inadmissible under the pleadings, and from an adverse ruling he reserved a bill of exceptions.

Plaintiff had merely alleged his ownership of the property seized by the sheriff, without specifying his source or chain of title; and every muniment of his alleged title was, therefore, put at issue by the plea of general denial, under which defendant was certainly entitled to rebut and negative every particle of evidence offered by plaintiff in support of his alleged title; and particularly of his good faith in his alleged purchase.

The evidence having shown that the property under seizure was at the time in the vendor's possession, the presumption of law was that the alleged sale was a simulation ; and without specially alleging simulation, defendant had the undoubted right to administer proof in support and in vindication of the presumption established in his favor by law.

Had plaintiff, in his petition, alleged the particular source or foundation of his title, by stating, for instance, that it originated in a purchase from John Davie, and the circumstances of such purchase, it would then have been incumbent on the defendant to have alleged fraud or simulation, as a condition precedent to the introduction of evidence in support of the plea.

But a judgment creditor, who pursues in the possession of his debtor property well known to have been previously his, and is met by a third party with the allegation that he is the owner of such property, without alleging the mode of his acquisition, cannot be held to greater precision in his answer than is found in the claimant's petition.

The lower Court did not err in admitting the evidence objected· to. The evidence is necessarily conflicting, but after carefully perusing all the testimony in the record and weighing all the circumstances of the case, we are satisfied that plaintiff, who claimed to be the owner of movable property found at the time of seizure in the possession of his alleged vendor, and who had, therefore, the burden of proving the reality of his purchase, has failed to make out his case ; and we conclude that the whole transaction was a palpable simulation, intending to screen Davie's property from the pursuit of his creditors, and particularly from the action of the defendant David Stewart.

The salient facts of the case as shown by the record, are :

That John Davie, who had been engaged in the draying business on the levee, principally in the sugar market of this city, nearly all his life, owned and used in his business two mules and four vehicles or drays, and necessary harness, and that his business season began in the early part of November and ended about the middle of February of each year, lasting about three months and a half.

It appears that on the 4th of June, 1879, process was served on him in the suit of David Stewart, who, in due course, obtained judgment against him for $445 ; and that on the day following, he made a written sale of his mules and wagons, which was all the property he owned in the world, to plaintiff, a deputy clerk in the District Court of the United States.

A few days after, Davie and Devonshire rode together to a plantation some few miles above this city, where the mules were then in pasture, and that Davie then notified the owner of the pasture of his sale to Devonshire, but added that he would continue to be responsible

for the cost of the pasturage. It is not even pretended that the purchaser saw the mules at that or any other time.

Sometime in September following the mules were removed from the pasture and brought back to the city and stabled on Davie's premises by him, who was in uninterrupted possession of them until the date of the seizure. No change in the business of draying, in the purchase of feed, in the line of teamsters, or other incidents, is shown to have been made; but plaintiff contends that Davie was acting as his agent in the control and management of the business, and was to receive one-third of the profits as his compensation for his services. It also appears that the funds used for the cash payment of the pretended sale, were borrowed by plaintiff from his brother, John Devonshire, to whom he gave his promissory note, payable in one year; and the testimony of plaintiff himself shows that he knew nothing of the value of mules, and still less of the details of the business in which he proposed to venture; for which reasons he claims to have retained the services of his friend and vendor to manage and profitably carry on the same for him.

In other words, we are called on by plaintiff to subscribe to the theory, that a deputy clerk of a court, desirous of increasing his income, will undertake a venture in a line of business of which he knows absolutely nothing, borrowing for the purchase of a stock in trade the sum of $1350, and that he finds a convenient friend who has a life-training and experience in that particular line, and a well-established custom, carrying on business on which he realizes $45 a day, for three months and a half of the year, willing to sell him the implements of his trade as well as its good will and custom, and to take charge of the same as an employee for one-third of the profits.

Common sense and experience in human affairs both repel such a proposition, and force the conclusion that the real object was to defraud the creditors of Davie.

Defendant claims damages on account of the injunction, but we find no evidence in the record on which to rest a judgment on that branch of the case, and we shall reserve his right to claim such damages in a separate action.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reversed: that plaintiff's injunction and his demand for the ownership of the property seized by the sheriff in the suit of David Stewart vs. John Davie be rejected, and that he be condemned to pay costs in both courts. And it is further ordered that the right to sue for such damages as he may have suffered by plaintiff's injunction be reserved to defendant.

Rehearing refused.